# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR05-4102 DEO |
| vs. | **DETENTION ORDER** |
| RICHARD SCOTT PHIFER, | |
| Defendant. | |

_____

This matter came on for hearing on February 3, 2006, pursuant to 18 U.S.C. § 3142(f), on the Government's motion for a detention hearing. Assistant United States Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Richard Scott Phifer appeared in person with his attorney Jay Denne. The Government offered the testimony of ATF Agent Zane Dodds.

Phifer is charged with violating 18 U.S.C. § 922(g)(9) by possessing a firearm after having been convicted of a misdemeanor crime of domestic abuse. The Government alleged the case involves both a serious risk that Phifer will flee and a serious risk that Phifer will obstruct or attempt to obstruct justice, as provided in 18 U.S.C. § 3142(f)(2)(A) & (B). Accordingly, on the Government's motion, the court held a detention hearing pursuant to 18 U.S.C. § 3142(f), to determine whether any condition or combination of conditions of release would reasonably assure the appearance of Phifer as required and the safety of any other person and the community.

The evidence indicates Phifer has a history of obstructing justice. He has at least three convictions for obstructing a peace officer, and has used a false identity and false

Social Security numbers. In addition, Phifer has a history of threatening and intimidating his estranged wife, and of being in possession of firearms.

Agent Dodds testified Phifer was stopped by an Iowa State Patrol trooper on October 17, 2002, near Salix, Iowa. During the traffic stop, the trooper found a loaded 3030 rifle in Phifer's vehicle, with an altered or partially obliterated serial number. When the trooper asked Phifer why the gun was loaded, Phifer stated he thought it was prudent to keep it loaded because of "the current state of the world." Phifer gave a false identity to the trooper, identifying himself as Martin McMannes from New Jersey. After the traffic stop was concluded, the trooper eventually identified Phifer and determined he had used a false identity.

Phifer's estranged wife obtained a protective order against him in August 2005. She gave a statement in support of her application for the protective order in which she stated Phifer had told her that he was going to take her to a mountain on an Indian reservation, where he would be out of reach of local law enforcement, and kill her and bury her there. Phifer's wife claimed he told her if he could not have her, no one could. Phifer was arrested for violating the protective order on August 19, 2005, when he appeared at his wife's residence and refused to leave.

Agent Dodds further stated the record indicates Phifer went to his wife's home on December 1, 2005, and refused to leave when asked. Phifer's wife reported that Phifer had grabbed her by the back of the neck and thrown her across the room, into an open closet. He then grabbed her and threw her across the hall. She told Phifer he could take her 1988 Ford Bronco automobile if he would leave.

On December 11, 2005, Phifer's wife's employer called the local Sheriff and reported that Mrs. Phifer had not appeared for work. Officers went to her residence and found the 1988 Ford Bronco parked there. They approached the house, saw a child in the

house, and knocked, but no one came to the door. After talking with Mrs. Phifer's employer again, officers suspected Phifer might be inside. The officers gained entry into the house through a window. They found two young girls on a bed. Both girls were nonresponsive. They found Mrs. Phifer lying on the floor, wrapped in a blanket. At first, she did not respond to officers, but she finally identified herself. Officers reported that the two girls and Mrs. Phifer had been crying. Mrs. Phifer said she had been awakened by Phifer, who had gained entry into her home. He had yanked her out of bed by her ankles and ripped off her underwear, telling her he was going to check to see if she had been with another man. Phifer sexually assaulted his wife, hit her twice in the head, kicked her in the stomach, and tied her up with a belt. Mrs. Phifer indicated that when officers first came to the house and knocked on the door, she attempted to signal the officers but Phifer was watching her and she was afraid he would see her. She stated she is terrified of Phifer, who has told her that he will find her wherever she goes. The officers determined that Phifer had fled the house by breaking a window – a window officers had noticed was not broken on their first visit to the house.

The incidents of December 11, 2005, have resulted in a ten-count indictment against Phifer in the State of Oregon, charging him with two counts of first-degree burglary, two counts of first-degree kidnapping, first-degree sexual abuse, counts for strangulation and assault constituting domestic violence, two counts of contempt of court, and harassment. Before Phifer could be apprehended and arraigned on these charges, he was arrested on the outstanding warrant from this court, on the current charges. The U.S. Marshal arrested Phifer in Sacramento, California. At the time of his arrest, Phifer was found lying on a sofa with a single-shot 12-gauge shotgun at his side and two additional shotgun shells located in a bag next to the shotgun.

The Pretrial Services Officer testified there are four different Social Security numbers associated with Phifer on the NCIC report. Phifer told the Pretrial Services Officer that he did not know which of the numbers is his actual Social Security number.

The Marshal has received a faxed memorandum from the Malheur County, Oregon, Sheriff's office, indicating that after Phifer was arrested on these charges in Sacramento, California, but apparently before he was transported to Sioux City, Iowa, Phifer had been attempting to contact his wife by telephone at her employment and harassing her. The Malheur County Sheriff asked that Phifer be prevented from further attempts to contact his wife.

Phifer proffered that he has both a place to stay and employment if he were placed on pretrial release from this court. He also argued he is not facing a significant sentence even if he is convicted on the current charges – an assertion with which the Government disagrees.

The court has weighed the evidence and finds the record overwhelmingly proves Phifer is both a flight risk and a risk to obstruct justice. The record is replete with Phifer's failures to appear as required, failure to take court orders seriously, and using false names and Social Security numbers. The court finds the Government has proved by clear and convincing evidence that Phifer is a serious risk of flight and a serious risk to obstruct or attempt to obstruct justice, and no condition or combination of conditions will reasonably assure his appearance as required and the safety of any other person and the community.

Therefore, the court finds as follows:

1.   Phifer is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Phifer reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Phifer to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Phifer must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 3rd day of February, 2006.

*/s/ Paul A. Zoss*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT