# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD SCOTT PHIFER,<br><br>Defendant. | No. CR05-4102 DEO<br><br>**REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

## *I. INTRODUCTION*

On November 13, 2006, the defendant Richard Scott Phifer was sentenced by the Honorable Donald E. O'Brien, pursuant to 18 U.S.C. § 924(a)(2), to fifteen months' incarceration and three years' supervised release on a charge of possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). *See* Doc. Nos. 1 & 39. Phifer completed his federal prison term on April 19, 2007, and he was transferred to the custody of the State of Oregon, where he was convicted of Burglary 1st and sentenced to 48 months' imprisonment. Phifer was released on parole from the Oregon charge on June 28, 2010, and began serving his federal term of supervised release.

On October 7, 2010, United States Probation Officer Jay V. Jackson filed a petition for issuance of a warrant for Phifer's arrest based on alleged violations of his conditions of supervised release. Jackson alleges that on two occasions, Phifer violated the Mandatory Condition of Supervised Release prohibiting him from committing "another federal, state or local crime. " Doc. No. 46, p. 3; *see* Doc. No. 39, p. 3. Regarding the first of these two alleged violations, Jackson alleges as follows:

> a) On July 31, 2010, [Phifer] was arrested on the charges of Reckless Evading, Driving Under the Influence of Alcohol or

> Drugs, Driving Without a License and No Proof of Insurance. These charge[s] are currently pending in Sutter County, California, Superior Court.
>
> * * *
>
> According to the California Highway Patrol Report, [Phifer] went through a stop sign and attempted to elude[] officers before driving off the road and getting stuck in an embankment. The report also reflects [Phifer] refused to submit to field sobriety tests and refused to give a breath sample. On August 1, 2010, he was released on bond from Sutter County, California, Superior Court case number CRTR-10-1816.

Doc. No. 46, p. 3, ¶ 1(a), & p. 2. Regarding the second alleged violation of the Mandatory Condition, Jackson alleges as follows:

> On September 24, 2010, [Phifer] grabbed the breasts of a female while at a bus station in Eugene, Oregon. The victim, also a resident at the [Oregon halfway house], indicated [Phifer] tried luring her away from the bus station on multiple other occasions to engage in sexual encounters. On September 30, 2010, [Phifer] was arrested by Eugene Police for Sexual Abuse in the Third Degree. These charges are pending in Lane County Circuit Court, case number 211021981[.]

Doc. No. 46, p. 2; *see id.*, p. 3, ¶ 1(b).

Jackson further alleges that on two occasions, Phifer violated Special Condition No. 2 of his Conditions of Supervised Release, prohibiting him from using alcohol and "from frequenting bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol." Doc. No. 39, p. 4, ¶ 2. The first of these two allegations arises from Phifer's arrest on July 31, 2010, for Driving Under the Influence of Alcohol or Drugs, as set forth above. According to Jackson, Phifer "admitted to drinking whiskey and beer on the night of his arrest." Doc. No. 46, p. 3, ¶ 2(a). Regarding the second of these two alleged violations of Special Condition No. 2, Jackson alleges as follows:

> On September 28, 2010, [Phifer] was allowed to travel to California to appear in Sutter County Superior Court for sentencing for Driving Under the Influence of Intoxicants and Evading Police (July 31, 2010 arrest noted above). [He] returned to Eugene, Oregon, on September 29, 2010, and was directed to submit a urine sample on September 30, 2010. [Phifer] admitted consuming alcohol on the flight to Sacramento, California. He admitted consuming enough alcohol to "get a good buzz."

Doc. No. 46, p. 3; *see id.*, ¶ 2(b).

Jackson also alleges Phifer violated Standard Condition of Supervision No. 9, directing him, *inter alia*, not to "associate with any person convicted of a felony, unless granted permission to do so by the probation officer." Doc. No. 39, p. 3, ¶ 9. Regarding this alleged violation, Jackson alleges as follows:

> On September 20, 2010, [Phifer] admitted to his supervising probation officer that he was having a relationship with convicted felon Nova Maijala, a female he met at the [halfway house]. According to [Phifer,] Ms. Maijala was pregnant with his child and chose to terminate the pregnancy. [Phifer] was directed not to have any more contact with Ms. Maijala or any other convicted felon or person engaged in criminal activity without prior approval.

Doc. No. 46, p. 2; *see id.*, p. 4, ¶ 3.

To address the violations arising from Phifer's July 31, 2010, arrest, Jackson filed a previous violation report, requesting that Phifer's conditions of supervised release be modified, with Phifer's consent. Doc. No. 44. On September 13, 2010, the court accepted Jackson's recommendation and modified Phifer's conditions of supervised release as follows:

> [Phifer] shall reside in and satisfactorily participate in a residential reentry center to include a prerelease component, if determined appropriate by the residential reentry center manager and the U.S. Probation Officer, for up to 180 days or

3

> until discharged by the residential reentry center manager and
> the U.S. Probation Officer.

Doc. No. 45, p. 3. As a result of Phifer's activities after September 13, 2010, Jackson alleges in the current proceeding that Phifer also violated the Modified Special Condition of Release requiring him to reside in and satisfactorily participate the residential reentry center ("RRC") program for up to 180 days. Specifically, Jackson alleges as follows:

> On September 30, 2010, law enforcement interviewed three other female residents at the RRC who reported that [Phifer] had been making sexually explicit and inappropriate comments and gestures during the course of his stay there. During the investigation at the RRC, [Phifer's] behavior escalated to the point of creating an unsafe environment at the RRC. When law enforcement attempted to intervene, [Phifer] responded with threats and intimidation towards staff. [Phifer] will not be allowed back at the RRC.

Doc. No. 46, p. 3; *see id.*, p. 4, ¶ 4.

On October 7, 2010, Judge O'Brien granted the request for issuance of warrant, and a warrant was issued for Phifer's arrest. Doc. No. 46, p. 4. Phifer was arrested on the warrant in Oregon, and he was returned to this district for further proceedings on the revocation petition. *See* Doc. No. 47.

The matter came on for preliminary hearing and revocation hearing before the undersigned on December 20, 2010, on the plaintiff's motion to revoke Phifer's term of supervised release. The court found probable cause that the alleged violations had occurred. *See* Fed. R. Crim. P. 32.1(b)(1) & (2). The hearing was adjourned, and continued on January 11, 2011. At both hearings, the plaintiff (the "Government") was represented by Assistant United States Attorney Forde Fairchild. Phifer appeared in person with his attorney Jay Denne.

In order to modify the terms or conditions of supervised release, the "district court must find by a preponderance of the evidence that the defendant violated a condition of his

supervised release." *United States v. Hall*, 984 F.2d 387, 390 (10th Cir. 1993) (citing 18 U.S.C. § 3583(e)(3)). The district court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

At the hearing, Phifer stipulated to all of the violations alleged in the revocation petition. Accordingly, the court finds by a preponderance of the evidence that Phifer violated the terms and conditions of his supervised release. Having so found, 18 U.S.C. § 3583(e) requires the court to consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether the defendant's term of supervised release should be terminated, extended, modified, or revoked. Although the court is not required to cite each relevant factor in section 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), the relevant factors are set forth here for the convenience of the district court in reviewing this Report and Recommendation:

> (a) . . . The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
> \* \* \*
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> \* \* \*

(4) the kinds of sentence and the sentencing range established for –

* * *

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). After considering these factors, the court may terminate, extend, revoke, or modify the term of supervised release as set forth in section 3583(e).

## II. DISCUSSION OF REMEDY

In considering the appropriate remedy in this case, Phifer argues the majority of his criminal history, and all of his violations of the conditions of supervised release, are related to his abuse of alcohol. He notes that he has never been afforded any treatment for alcoholism, and he asserts that if his alcoholism is not addressed, he is doomed to continue with the same cycle of behavior. He requests that the terms of his supervised release be modified to require his successful completion of a course of inpatient alcoholism treatment, followed by successful completion of up to six months in a halfway house. The Government argues Phifer's criminal history and his recent behavior are evidence that Phifer does not take seriously the orders of the court. The Government further argues Phifer's violations include behavior that implies dangerousness. While not adverse to alcoholism treatment for Phifer, the Government argues any such treatment should be followed by a severe prison sentence on the revocation.

USPO Jackson recommends, based on Phifer's history of violence and his previous violations, that he be ordered to complete a term of inpatient alcoholism treatment, followed by revocation of his term of supervised release. Jackson has determined that there are two appropriate treatment facilities that are willing to accept Phifer for inpatient alcoholism treatment. Synergy in Cherokee, Iowa, will have space available for Phifer in approximately mid-February. Community Family Resources Agency in Fort Dodge, Iowa, will have space available for Phifer at an earlier time. Because the halfway house also is located in Fort Dodge, Iowa, Phifer requests that he be ordered to treatment at the Fort Dodge facility, so he can stay in the same community.

Keeping in mind the parties' arguments and the availability of alcoholism treatment, the court now turns to consideration of the factors set forth in 18 U.S.C. § 3553(a).

7

*A.     Nature and circumstances of offense, and Phifer's history and characteristics*

Phifer's original offense arose from his possession of a firearm after previously having been convicted of a misdemeanor crime of domestic violence. The fact that the offense involved a firearm, and the length of Phifer's federal sentence, indicate the crime was serious.

Phifer's conduct since his release from federal custody also raises concerns. He has continued to violate the law, including acting in a manner that has jeopardized the safety of others. His history indicates he is not amenable to supervision and is likely to continue to violate terms of release unless he receives a sanction of sufficient severity to impress upon him the necessity of his compliance in the future.

However, Phifer also exhibits a significant problem with alcohol addiction. He has never been afforded any kind of alcoholism treatment, and the majority of his criminal activities have involved his use of alcohol. Absent some type of treatment for alcoholism, there is little likelihood Phifer will be able to refrain from continuing to violate the law.

*B.     Deterrence of criminal conduct*

Any modification of supervised release imposed upon Phifer must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(1)(2)(B). The court finds that imposing a lengthy term of imprisonment is not necessary to deter further criminal conduct by Phifer. Rather, the court finds that requiring Phifer to complete inpatient alcoholism treatment, followed by successful completion of a term in a halfway house, will be sufficient. Should Phifer fail to complete these requirements successfully, he will be facing a prison term of up to two years. The court finds this prospect would be a sufficient deterrent.

*C.     Protection of the Public from Further Crimes*

Any modification of Phifer's term of supervised release must protect the public from further crimes. 18 U.S.C. § 3553(a)(2)(C). The court finds that a period of alcoholism treatment followed by a successful term in a halfway house will be sufficient to protect the public from further crimes.

*D.     Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

As discussed above, it is evident from Phifer's history that he has a significant problem with alcohol addiction, and he is in need of treatment to prevent further alcohol-related criminal activity.

*E.     Sentencing Considerations*

The statute requires the court to consider pertinent policy statements issued by the United States Sentencing Commission, in effect at the time of Phifer's sentencing. 18 U.S.C. § 3553(a)(5). The court finds two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. The most serious of Phifer's violations is a Grade C violation, which consists of:

> conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Having so found, the Court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation:

> Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement).

Should the court revoke Phifer's supervised release, his recommended range of imprisonment pursuant to the Sentencing Guidelines would be five to eleven months, with a maximum statutory imprisonment of two years. *See* U.S.S.G. § 7B1.4 (Policy Statement); 18 U.S.C. § 3583(e)(3).

Should the court decide not to revoke Phifer's term of supervised release, the court may "modify, reduce, or enlarge the conditions of supervised release" as prescribed by the statue and Rule 32.1, Federal Rules of Criminal Procedure. *Id.*

### F. *Sentencing Disparities*

The final consideration is whether the court's decision here will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The court finds it will not.

### G. *Recommendation*

The undersigned has given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and **recommends as follows**. The undersigned recommends that Phifer's conditions of supervised release be modified to require his successful completion of inpatient alcoholism treatment at Community Family Resources Agency in Fort Dodge, Iowa, as soon as space becomes available there. The undersigned further recommends that following his successful completion of inpatient alcoholism treatment, Phifer be required to reside in a Residential Reenetry Center for a period of up to 180 days, under terms and conditions to be determined by the U.S. Probation Officer and the RRC manager.

### III. CONCLUSION

Based upon the foregoing analysis, IT IS RESPECTFULLY RECOMMENDED, unless any party files objections[*] to this Report and Recommendation, that the Government's motion to revoke Phifer's supervised release be **denied**, consistent with the above opinion.

Objections must be filed **by January 26, 2011**. Responses to objections must be filed **by January 28, 2011**. However, the court urges the parties to file any objections and responses as soon as possible to allow the district court to issue a final ruling promptly.

**IT IS SO ORDERED.**

**DATED** this 12th day of January, 2011.

*[signature]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[*] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72.